UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASE NUMBER 1:03CV01799

JULIE A. HAPPEL,
15 Kilby Street
Quincy, MA 02169

JUDGE: Richard J. Leon

DECK TYPE: Personal Injury/Malpractice

**JURY ACTION**

        Plaintiff,

DATE STAMP: 08/27/2003

v.

ELI LILLY AND COMPANY
Lilly Corporation Center
Indianapolis, IN 46285

        Defendant.

**FILED**

**AUG 2 7 2003**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446, defendant Eli Lilly and Company ("Lilly") files this Notice of Removal and states:

1.    Lilly is the defendant in an action commenced against it by the plaintiffs, Julie A. Happel, pending in Superior Court for the District of Columbia, captioned <u>Julie A. Happel v. Eli Lilly and Company</u>, Civil Action No. 0006681-03 (the "state action"). True copies of all process, pleadings and orders served on Lilly in the state action are attached hereto as Exhibit A and specifically incorporated herein.

2.    In her Complaint, plaintiff Julie A. Happel alleges that she is a resident of Massachusetts. Defendant Lilly is a corporation organized under the laws of the State of Indiana with a principal place of business in Indianapolis, Indiana. There is, therefore, complete diversity of citizenship.

3.    The plaintiff claims damages in excess of $75,000. Accordingly, the matter in controversy in the state action exceeds the sum or value of $75,000, exclusive of interest and costs.

17/499679.1

4. Lilly was served with a summons and a copy of plaintiff's Complaint and Demand for Jury Trial on August 8, 2003. Consequently, this notice is timely under 28 U.S.C. §1446(b).

5. This action is one of which this Court has jurisdiction pursuant to 28 U.S.C. §1332 and that may be removed to this Court by Lilly.

ELI LILLY AND COMPANY

By its attorneys:

*/s/ L.H. Martin*

Lawrence H. Martin, D.C. Bar #476639
FOLEY HOAG LLP
1747 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 223-1200

and

James J. Dillon, P.C.
John M. Granberry
Paula McManus
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02110-2600
(617) 832-1000

Dated: August **21**, 2003

## CERTIFICATE OF SERVICE

    I, Lawrence H. Martin certify that a true copy of the foregoing Notice of Removal was served on August **21**, 2003 by U.S. First Class Mail, postage prepaid to Aaron M. Levine, Aaron M. Levine and Associates, 1320 19th Street, NW, Suite 500, Washington, DC 20036.

 

_/s/ L. Martin_
Lawrence H. Martin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIE A. HAPPEL,<br><br>        Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>        Defendant. | C. A. No. |

## NOTICE OF FILING COPIES OF STATE COURT PAPERS

Pursuant to 28 U.S.C. § 1446, defendant hereby files copies of all records and proceedings in the state court action (Superior Court for the District of Columbia Civil Action No. 0006681-03).

ELI LILLY AND COMPANY

By its attorneys:

_/s/ L.H. Martin_
Lawrence H. Martin, D.C. Bar # 476639
Foley Hoag LLP
1747 Pennsylvania Avenue, N.W.
Suite 1200
Washington, D.C. 20006-4604
(202) 223-1200

03 1799

and

James J. Dillon, P.C.
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

FILED
AUG 2 7 2003
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Dated: August 27, 2003


EXHIBIT A
ALL-STATE® INTERNATIONAL

17/499683.1

## CERTIFICATE OF SERVICE

I certify that a true copy of the Notice of Filing Certified State Court Papers was served on August 21, 2003 by U.S. First Class Mail, postage prepaid, to Aaron M. Levine, Aaron M. Levine & Associates, P.A., 1320 Nineteenth Street, N.W., Suite 500, Washington, D.C. 20036.

_____
Lawrence H. Martin

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| JULIE A. HAPPEL<br>15 Kilby Street<br>Quincy, MA 02169<br>　　　　　Plaintiff, | ]<br>]<br>]<br>]<br>] |
| v. | ] CIVIL ACTION NO. |
| ELI LILLY AND COMPANY<br>Lilly Corporate Center, Indianapolis, IN  46285<br>w/s/o NATIONAL REGISTERED AGENTS, INC.<br>1090 Vermont Avenue, NW, #910<br>Washington, DC  20005<br>　　　　　Defendant. | ]<br>]<br>]<br>]<br>]<br>] |

0006781-03

FILED
CIVIL ACTIONS BRANCH
AUG 0 7 2003
Superior Court
of the District of Columbia
Washington, D.C.

## COMPLAINT
(DES Litigation – Products Liability, Punitive Damages)

1.　　Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.　　Defendant is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in the District of Columbia.  The Defendant met with and conspired with numerous pharmaceutical manufacturers in the District of Columbia, prior to obtaining governmental approval for DES.  Defendant spearheaded industry-wide conferences in the District of Columbia to seek approval of DES by Joint Submission, withholding from the Food and Drug Administration reports questioning the efficacy of DES and studies raising serious questions of safety.  These meetings, conferences and agreements occurred in the District of Columbia.

## COUNT I
(Negligence)

3.　　On or about 1965 and 1966 during her pregnancy with Julie A. Happel, the mother of the Plaintiff herein bought and ingested DES in Massachusetts.  Her physician

prescribed said drug during the pregnancy. The drug was manufactured and sold by Defendant Eli Lilly and Company.

4. As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations, with resulting infertility, poor pregnancy outcome and incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering.

5. Said injuries were the result of the negligence of Defendant, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to heed and report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability)

6. All of the allegations contained in Count I are realleged and incorporated herein by reference.

7. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

8. Defendant is engaged, or has been engaged, in the business of producing DES, and is, or has been, a commercial manufacturer of said drug.

9. Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendant's possession.

10. Said product was defective when placed on the market by Defendant. DES was sold by Defendant without sufficient warning or instructions. A reasonable seller would not

have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

11. Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's extensive advertising campaigns proclaiming the safety and efficacy of DES.

12. As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

13. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT III
### (Breach of Warranty)

14. All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

15. At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

16.     Defendant knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

17.     At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18.     As a direct result of the breach of warranties by the Defendant, Plaintiff has been injured as aforesaid.

## COUNT IV
### (Misrepresentation)

19.     All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

20.     Defendant represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

21.     The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendant's representations in his advice about purchase, use, and consumption of DES.

22.     At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

23. As a direct result of said false representations by Defendant, Plaintiff was injured as aforesaid.

**WHEREFORE**, Plaintiff Julie A. Happel, demands judgment against Defendant in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages, plus costs.

Respectfully submitted,
AARON M. LEVINE & ASSOCIATES

_____
Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

_____
Brandon J. Levine, #412130

_____
Renee L. Robinson-Meyer, #455375

_____
Steven J. Lewis, #472564

Counsel for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues of material facts.

_____
Aaron M. Levine

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

JULIE A. HAPPEL

*Plaintiff*

VS.

ELI LILLY AND COMPANY

*Defendant*

0006581-03

Civil Action No. _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Aaron M. Levine
Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500
Address
Washington, DC 20036

(202) 833-8040
Telephone

By _____
Deputy Clerk

Date 8/7/03

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

# Superior Court of the District of Columbia
## CIVIL DIVISION — CIVIL ACTIONS BRANCH

### INFORMATION SHEET

Julie A. Happel
vs.
Eli Lilly and Company

Case Number:
Date: 8/7/03

04 CV 12218 WGY

Name: Aaron M. Levine, Esq.
Firm Name: Aaron M. Levine and Associates
Telephone No.: (202) 833-8040
Unified Bar No.: 7864

Relationship to Lawsuit
⦿ Attorney for Plaintiff
○ Self (Pro Se)
○ Other:

TYPE OF CASE:  ○ Non-Jury    ⦿ 6 Person Jury    ○ 12 Person Jury

Demand: $ 2,000,000.00    Other:

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.          Judge          Calendar #
Case No.          Judge          Calendar #

NATURE OF SUIT: (Check One Box Only)

**A. CONTRACTS**                                                    COLLECTION CASES
☐ 01 Breach of Contract        ☐ 07 Personal Property            ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty        ☐ 09 Real Property-Real Estate    ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument     ☐ 12 Specific Performance         ☐ 17 OVER $25,000
☐ 15 Other:

**B. PROPERTY TORTS**
☐ 01 Automobile                ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion                ☐ 04 Property Damage                    ☐ 06 Other:
☐ 07 Shoplifting, D.C. Code § 3441

**C. PERSONAL TORTS**
☐ 01 Abuse of Process          ☐ 09 Harassment                  ☑ 17 Personal Injury
☐ 02 Alienation of Affection   ☐ 10 Invasion of Privacy         ☐ 18 Wrongful Death
☐ 03 Assault and Battery       ☐ 11 Libel and Slander           ☐ 19 Wrongful Eviction
☐ 04 Automobile                ☐ 12 Malicious Interference      ☐ 20 Other:
☐ 05 Deceit (Misrepresentation) ☐ 13 Malicious Prosecution      ☐ 21 Asbestos
☐ 06 False Accusation          ☐ 14 Malpractice Legal           ☐ 22 Toxic/Mass Torts
☐ 07 False Arrest              ☐ 15 Malpractice Medical
☐ 08 Fraud                     ☐ 16 Negligence

Form CV(6)-496/Feb. 95



SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

WASHINGTON, D.C. 20001-2131

RECEIVED
SEP 1 5 2003
SUPERIOR COURT

Date: __9-05-03__

The Honorable Nancy-Mayer-Whittington, Clerk
United States District Court for the District of Columbia
3rd and Constitution Avenue, N.W.
Washington, D.C. 20001

03CV01799RJL

In Re: __JULIE A. HAPPEL VS. ELI LILLY AND COMPANY__

Civil Action Number: __03ca6681__

Dear Ms. Mayer-Whittington:

Transmitted herewith are all of the pleadings filed in the above captioned case pursuant to a Petition for Removal filed on __8-27-03__. This case consists of __VOL 1__ volume(s). A certified copy of the docket entries is also enclosed.

Please acknowledge receipt of our file on the duplicate copy of this letter, and return it to this Court.

Sincerely,

Edward Jenkins, Branch Chief
Civil Actions Branch

By: _____

h:\us.for

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| JULIE A. HAPPEL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELI LILLY AND COMPANY, )<br>)<br>Defendant. ) | C. A. No. 0006681-03<br><br>**NOTICE OF FILING**<br>**NOTICE OF REMOVAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Please take notice that on August 27, 2003, defendant Eli Lilly and Company filed the attached Notice of Removal in the United States District Court for the District of Columbia.

FILED
CIVIL ACTIONS BRANCH
AUG 2 7 2003
Superior Court
of the District of Columbia
Washington, D.C.

CASE NUMBER  1:03CV01799

JUDGE: Richard J. Leon

DECK TYPE: Personal Injury/Malpractice

DATE STAMP: 08/27/2003

ELI LILLY AND COMPANY

By its attorneys:

_/s/ L.H. Martin_____
Lawrence H. Martin, DC Bar No. 476639
Foley Hoag LLP
1747 Pennsylvania Avenue, N.W.
Suite 1200
Washington, D.C. 20006-4604
(202) 223-1200

and

James J. Dillon, P.C.
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: August 27, 2003

17/499681.1

- 2 -

## CERTIFICATE OF SERVICE

      I certify that a true copy of the foregoing Notice of Filing Notice of Removal was served on August 21, 2003 by U.S. First Class Mail, postage prepaid, to Aaron M. Levine, Aaron M. Levine & Associates, P.A., 1320 Nineteenth Street, N.W., Suite 500, Washington, D.C. 20036.

*/s/ L. Martin*
Lawrence H. Martin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIE A. HAPPEL,<br>15 Kilby Street<br>Quincy, MA 02169<br><br>    Plaintiff,<br><br>  v.<br><br>ELI LILLY AND COMPANY<br>Lilly Corporation Center<br>Indianapolis, IN 46285<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  C. A. No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §1446, defendant Eli Lilly and Company ("Lilly") files this Notice of Removal and states:

1. Lilly is the defendant in an action commenced against it by the plaintiffs, Julie A. Happel, pending in Superior Court for the District of Columbia, captioned <u>Julie A. Happel v. Eli Lilly and Company</u>, Civil Action No. 0006681-03 (the "state action"). True copies of all process, pleadings and orders served on Lilly in the state action are attached hereto as Exhibit A and specifically incorporated herein.

2. In her Complaint, plaintiff Julie A. Happel alleges that she is a resident of Massachusetts. Defendant Lilly is a corporation organized under the laws of the State of Indiana with a principal place of business in Indianapolis, Indiana. There is, therefore, complete diversity of citizenship.

3. The plaintiff claims damages in excess of $75,000. Accordingly, the matter in controversy in the state action exceeds the sum or value of $75,000, exclusive of interest and costs.

17/499679.1

4. Lilly was served with a summons and a copy of plaintiff's Complaint and Demand for Jury Trial on August 8, 2003. Consequently, this notice is timely under 28 U.S.C. §1446(b).

5. This action is one of which this Court has jurisdiction pursuant to 28 U.S.C. §1332 and that may be removed to this Court by Lilly.

ELI LILLY AND COMPANY

By its attorneys:

_____
Lawrence H. Martin, D.C. Bar #476639
FOLEY HOAG LLP
1747 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 223-1200

and

James J. Dillon, P.C.
John M. Granberry
Paula McManus
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02110-2600
(617) 832-1000

Dated: August 27, 2003

- 3 -

## CERTIFICATE OF SERVICE

    I, Lawrence H. Martin certify that a true copy of the foregoing Notice of Removal was served on August 21, 2003 by U.S. First Class Mail, postage prepaid to Aaron M. Levine, Aaron M. Levine and Associates, 1320 19th Street, NW, Suite 500, Washington, DC 20036.

*Lawrence H. Martin*
Lawrence H. Martin