UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JULIE A. HAPPEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C. A. No. |
| v. | ) | |
| | ) | |
| ELI LILLY AND COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF FILING COPIES OF STATE COURT PAPERS

Pursuant to 28 U.S.C. § 1446, defendant hereby files copies of all records and

proceedings in the state court action (Superior Court for the District of Columbia Civil Action

No. 0006681-03).

ELI LILLY AND COMPANY

By its attorneys:

Lawrence H. Martin, D.C. Bar # 476639
Foley Hoag LLP
1747 Pennsylvania Avenue, N.W.
Suite 1200
Washington, D.C. 20006-4604
(202) 223-1200

and

James J. Dillon, P.C.
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: August 27, 2003

17/499683.1


EXHIBIT
A
ALL-STATE® INTERNATIONAL

## CERTIFICATE OF SERVICE

I certify that a true copy of the Notice of Filing Certified State Court Papers was served on August 21, 2003 by U.S. First Class Mail, postage prepaid, to Aaron M. Levine, Aaron M. Levine & Associates, P.A., 1320 Nineteenth Street, N.W., Suite 500, Washington, D.C. 20036.

Lawrence H. Martin

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

JULIE A. HAPPEL          ]
15 Kilby Street          ]
Quincy, MA 02169         ]
        Plaintiff,    ]
                ]
v.                       ]  CIVIL ACTION NO.
                ]
ELI LILLY AND COMPANY    ]
Lilly Corporate Center, Indianapolis, IN 46285  ]
w/s/o NATIONAL REGISTERED AGENTS, INC.  ]
1090 Vermont Avenue, NW, #910  ]
Washington, DC  20005    ]
        Defendant.    ]

FILED
CIVIL ACTIONS BRANCH
AUG 0 7 2003
Superior Court
of the District of Columbia
Washington, D.C.

## COMPLAINT
### (DES Litigation – Products Liability, Punitive Damages)

1.      Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.      Defendant is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in the District of Columbia.  The Defendant met with and conspired with numerous pharmaceutical manufacturers in the District of Columbia, prior to obtaining governmental approval for DES.  Defendant spearheaded industry-wide conferences in the District of Columbia to seek approval of DES by Joint Submission, withholding from the Food and Drug Administration reports questioning the efficacy of DES and studies raising serious questions of safety.  These meetings, conferences and agreements occurred in the District of Columbia.

## COUNT I
### (Negligence)

3.      On or about 1965 and 1966 during her pregnancy with Julie A. Happel, the mother of the Plaintiff herein bought and ingested DES in Massachusetts.  Her physician

prescribed said drug during the pregnancy. The drug was manufactured and sold by Defendant Eli Lilly and Company.

4.    As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations, with resulting infertility, poor pregnancy outcome and incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering.

5.    Said injuries were the result of the negligence of Defendant, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to heed and report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability)

6.    All of the allegations contained in Count I are realleged and incorporated herein by reference.

7.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

8.    Defendant is engaged, or has been engaged, in the business of producing DES, and is, or has been, a commercial manufacturer of said drug.

9.    Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendant's possession.

10.    Said product was defective when placed on the market by Defendant. DES was sold by Defendant without sufficient warning or instructions. A reasonable seller would not

have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

11.     Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's extensive advertising campaigns proclaiming the safety and efficacy of DES.

12.     As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

13.     By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

### COUNT III
### (Breach of Warranty)

14.     All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

15.     At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

16.    Defendant knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

17.    At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded.  In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18.    As a direct result of the breach of warranties by the Defendant, Plaintiff has been injured as aforesaid.

## COUNT IV
### (Misrepresentation)

19.    All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

20.    Defendant represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

21.    The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendant's representations in his advice about purchase, use, and consumption of DES.

22.    At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

23.     As a direct result of said false representations by Defendant, Plaintiff was injured as aforesaid.

**WHEREFORE**, Plaintiff Julie A. Happel, demands judgment against Defendant in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages, plus costs.

Respectfully submitted,
AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
(202) 833-8040

Brandon J. Levine, #412130

Renee L. Robinson-Meyer, #455375

Steven J. Lewis, #472564

Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues of material facts.

Aaron M. Levine

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500  Indiana  Avenue,  N.W.,  Room  JM-170
Washington,  D.C.  20001  Telephone:  879-1133

| JULIE A. HAPPEL | |
|---|---|

*Plaintiff*

0006 81-02

VS.

Civil  Action  No.

| ELI LILLY AND COMPANY | |
|---|---|

*Defendant*

### SUMMONS

To  the  above  named  Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.**   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.



*Clerk of the Court*

| Aaron M. Levine | |
|---|---|

Name of Plaintiff's Attorney

| 1320 19th St., NW, Suite 500 | |
|---|---|

Address

| Washington, DC 20036 | |
|---|---|

| (202) 833-8040 | |
|---|---|

Telephone

By _____

Deputy Clerk

Date 8/7/03

PUEDE  OBTENERSE  COPIAS  DE  ESTE FORMULARIO  EN  ESPANOL  EN  EL  TRIBUNAL  SUPERIOR  DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS  FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

**NOTE:**  SEE  IMPORTANT  INFORMATION  ON  BACK  OF  THIS  FORM.

# Superior Court of the District of Columbia
## CIVIL  DIVISION — CIVIL  ACTIONS  BRANCH

### INFORMATION  SHEET

| Julie A. Happel |
|---|

**vs.**

| Eli Lilly and Company |
|---|

Case Number: 

Date: 8/7/03

*Name:*

| Aaron M. Levine, Esq. |
|---|

Firm Name:

| Aaron M. Levine and Associates |
|---|

Telephone No.: (202) 833-8040

Unified Bar No.: 7864

Relationship  to  Lawsuit

⦿ Attorney  for  Plaintiff
◯ Self (Pro Se)
Other: 

TYPE OF CASE:    ◯ Non-Jury       ⦿ 6 Person Jury       ◯ 12 Person Jury

Demand:  **$** 2,000,000.00       Other: 

PENDING  CASE(S)   RELATED  TO  THE  ACTION  BEING  FILED

Case No. _____  Judge _____  Calendar # _____

Case No. _____  Judge _____  Calendar # _____

NATURE OF SUIT:   *(Check One Box Only)*

**A. CONTRACTS**

| | | COLLECTION  CASES |
|---|---|---|
| ☐ 01 Breach of Contract | ☐ 07 Personal Property | ☐ **14 Under $25,000 Pltf. Grants Consent** |
| ☐ 02 Breach of Warranty | ☐ 09 Real Property-Real Estate | ☐ *16 Under $25,000 Consent Denied* |
| ☐ 06 Negotiable Instrument | ☐ 12 Specific Performance | ☐ **17 OVER $25,000** |
| ☐ **15 Other:** | | |

**B. PROPERTY TORTS**

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | ☐ 06 Other: |
| ☐ 07 Shoplifting, D.C. Code **§** 3441 | | |

**C. PERSONAL TORTS**

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 09 Harassment | ☑ 17 Personal Injury |
| ☐ 02 Alienation of Affection | ☐ 10 Invasion of Privacy | ☐ 18 Wrongful Death |
| ☐ 03 Assault and Battery | ☐ 11 Libel and Slander | ☐ 19 Wrongful Eviction |
| ☐ 04 Automobile | ☐ 12 Malicious Interference | ☐ 20 Other: |
| ☐ 05 Deceit (Misrepresentation) | ☐ 13 Malicious Prosecution | ☐ 2 1 Asbestos |
| ☐ 06 False Accusation | ☐ 14 Malpractice Legal | ☐ 22 Toxic/Mass Torts |
| ☐ 07 False Arrest | ☐ 15 Malpractice Medical | |
| ☐ 08 Fraud | ☐ 16 Negligence | |

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
03ca006681  DOCKET        AS OF   9/04/03          EP2003

CAPTION: Happel, J vs Eli Lilly & Company          USER:Richardson, Blan
ASSIGNED JUDGE  A. Franklin Burgess JR              DEPT:CivClk

| FILED/ | PARTIES/ | DOCKETED |
| EVENT  | ENTRIES  |          |

POO1      Julie A Happel

POO1A     Aaron M. Levine, Esq.              bar#007864
          1320 19th St., N.W.
          Suite 500
          Washington, D.C.
          20036

               VS

DOO1      Eli Lilly & Company

DOO1      (Pro se )
          1090 Vermont Ave NW
          #910
          Washington DC
          20005

08/07/03   Complaint for Personal injury                    08/07/03

08/27/03   (fin) REMOVED to to US District Court of DC Ref#1:03cv1799  08/28/03
           BY        Eli

11/07/03   (jsd) Initial SCHEDULING conference @ 9:30am      08/07/03
           FSDATE:    031107ss


COPY
9/5/03
Clerk, Sup...
the ...
BY

# Superior Court of the District of Columbia

**500 Indiana Ave N.W.**
**Washington, D.C. 20001**

8/29/03                                                                              11

NOTICE: This case has been removed to
the U.S. District-Court for the District
of Columbia. Any unresolved motion
filed in this case prior to its removal
is moot as of the date of this notice.
Should the U.S. District-Court remand
the case back to this Court, moving
party may request reinstatement of a
motion filed prior to removal of the
case by filing a praecipe requesting
that the named motion(s) be reinstat-
ed. A certificate of service to all
parties must accompany the pracipe.

NO FURTHER PLEADING WILL BE ACCEPTED
FOR FILING IN THE SUPERIOR COURT AT
THIS TIME.

CASE NUMBER:  03ca006681
Happel, J vs Eli Lilly & Company

DATE:        8/27/03        f#1:03cv

03ca006681  D001  PRV.1365fin        11
Eli Lilly & Company
1090 Vermont Ave NW
#910
Washington DC
20005



**D.C. Superior Court**
**500 Indiana Ave N.W.**
**Washington D.C. 20001**

First Class Mail
U.S. Postage
Paid
Washington D.C.
Permit No. 1726

03ca006681    D001  PRV.1365fin      11
Eli Lilly & Company
1090 Vermont Ave NW
#910
Washington DC
20005

c1 JM-130

# Superior Court of the District of Columbia

**500 Indiana Ave N.W.**
**Washington, D.C. 20001**

8/29/03                                                                                      12

NOTICE: This case has been removed to          CASE NUMBER:  03ca006681
the U.S. District-Court for the District        Happel, J vs Eli Lilly & Company
of Columbia.  Any unresolved motion
filed in this case prior to its removal
is moot as of the date of this notice.
Should the U.S. District-Court remand              DATE:          8/27/03          f#1:03cv
the case back to this Court, moving
party may request reinstatement of a
motion filed prior to removal of the
case by filing a praecipe requesting            03ca006681  P001A PRV.1365fin        12
that the named motion(s) be reinstat-           Aaron M. Levine, Esq.
ed.  A certificate of service to all            1320 19th St., N.W.
parties must accompany the pracipe.             Suite 500
                                                Washington, D.C.
                                                20036
NO FURTHER PLEADING WILL BE ACCEPTED
FOR FILING IN THE SUPERIOR COURT AT
THIS TIME.



**D.C. Superior Court**
**500 Indiana Ave N.W.**
**Washington D.C. 20001**

First Class Mail
U.S. Postage
Paid
Washington D.C.
Permit No. 1726

03ca006681     P001A PRV.1365fin      12
Aaron M. Levine, Esq.
1320 19th St., N.W.
Suite 500
Washington, D.C.
20036

cl JM-130

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

JULIE A. HAPPEL                    )
15 Kilby Street                    )
Quincy, MA 02169                   )
          Plaintiff,       )
                  )
v.                                 ) CIVIL ACTION NO.
                  )
ELI LILLY AND COMPANY              )
Lilly Corporate Center, Indianapolis, IN  46285   )
w/s/o NATIONAL REGISTERED AGENTS, INC.   )
1090 Vermont Avenue, NW, #910      )
Washington, DC  20005              )
          Defendant.       )

FILED
CIVIL ACTIONS BRANCH

AUG  0 7 2003

Superior Court
of the District of Columbia
Washington, D.C.

### COMPLAINT
**(DES Litigation – Products Liability, Punitive Damages)**

1.      Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.      Defendant is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in the District of Columbia.  The Defendant met with and conspired with numerous pharmaceutical manufacturers in the District of Columbia, prior to obtaining governmental approval for DES.  Defendant spearheaded industry-wide conferences in the District of Columbia to seek approval of DES by Joint Submission, withholding from the Food and Drug Administration reports questioning the efficacy of DES and studies raising serious questions of safety.  These meetings, conferences and agreements occurred in the District of Columbia.

### COUNT I
### (Negligence)

3.      On or about 1965 and 1966 during her pregnancy with Julie A. Happel, the mother of the Plaintiff herein bought and ingested DES in Massachusetts.  Her physician

prescribed said drug during the pregnancy. The drug was manufactured and sold by Defendant Eli Lilly and Company.

4.      As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations, with resulting infertility, poor pregnancy outcome and incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering.

5.      Said injuries were the result of the negligence of Defendant, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to heed and report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability)

6.      All of the allegations contained in Count I are realleged and incorporated herein by reference.

7.      DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

8.      Defendant is engaged, or has been engaged, in the business of producing DES, and is, or has been, a commercial manufacturer of said drug.

9.      Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendant's possession.

10.     Said product was defective when placed on the market by Defendant. DES was sold by Defendant without sufficient warning or instructions. A reasonable seller would not

.have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

11.    Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's extensive advertising campaigns proclaiming the safety and efficacy of DES.

12.    As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

13.    By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT III
### (Breach of Warranty)

14.    All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

15.    At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

16.    Defendant knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

17.    At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded.  In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18.    As a direct result of the breach of warranties by the Defendant, Plaintiff has been injured as aforesaid.

## COUNT IV
### (Misrepresentation)

19.    All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

20.    Defendant represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

21.    The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendant's representations in his advice about purchase, use, and consumption of DES.

22.    At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

23.    As a direct result of said false representations by Defendant, Plaintiff was injured as aforesaid.

**WHEREFORE**, Plaintiff Julie A. Happel, demands judgment against Defendant in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages, plus costs.

Respectfully submitted,
AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
(202) 833-8040

Brandon J. Levine, #412130

Renee L. Robinson-Meyer, #455375

Steven J. Lewis, #472564

Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues of material facts.

Aaron M. Levine

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

| JULIE A. HAPPEL |
| --- |
|              *Plaintiff* |

**VS.**

| ELI LILLY AND COMPANY |
| --- |
|              *Defendant* |

0005 81-03

Civil Action No. _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

| Aaron M. Levine |
| --- |
| Name of Plaintiff's Attorney |

| 1320 19th St., NW, Suite 500 |
| --- |
| Address |

| Washington, DC 20036 |
| --- |

| (202) 833-8040 |
| --- |
| Telephone |

*Clerk of the Court*

By _____
              Deputy Clerk

Date 8/7/03

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91    **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

# Superior Court of the District of Columbia

## CIVIL  DIVISION — CIVIL  ACTIONS  BRANCH

## INFORMATION  SHEET

| Julie A. Happel |
| --- |
| vs. |
| Eli Lilly and Company |

Case Number: _____

Date: **8/7/03**

*Name:*

| Aaron M. Levine, Esq. |
| --- |

Firm  Name:

| Aaron M. Levine and Associates |
| --- |

Telephone  No.:  Unified  Bar  No.:

| (202) 833-8040 | 7864 |
| --- | --- |

Relationship  to  Lawsuit

- ◉ Attorney  for  Plaintiff
- ○ Self (Pro Se)

Other: _____

TYPE OF CASE:  ○ Non-Jury    ◉ 6 Person Jury    ○ 12 Person Jury

Demand:  $ 2,000,000.00    Other: _____

## PENDING  CASE(S)   RELATED  TO  THE  ACTION  BEING  FILED

Case No. _____  Judge _____  Calendar # _____

Case No. _____  Judge _____  Calendar # _____

## NATURE OF SUIT:  *(Check One Box Only)*

**A. CONTRACTS**

- ☐ 01 Breach of Contract
- ☐ 02 Breach of Warranty
- ☐ 06 Negotiable Instrument
- ☐ 15 Other:

- ☐ 07 Personal Property
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance

**COLLECTION  CASES**
- ☐ 14 Under $25,000  Pltf. Grants Consent
- ☐ 16 Under $25,000  Consent Denied
- ☐ 17 OVER $25,000

**B. PROPERTY TORTS**

- ☐ 01 Automobile
- ☐ 02 Conversion
- ☐ 07 Shoplifting, D.C. Code § 3441

- ☐ 03 Destruction of Private Property
- ☐ 04 Property Damage

- ☐ 05 Trespass
- ☐ 06 Other:

**C. PERSONAL TORTS**

- ☐ 01 Abuse of Process
- ☐ 02 Alienation of Affection
- ☐ 03 Assault and Battery
- ☐ 04 Automobile
- ☐ 05 Deceit  (Misrepresentation)
- ☐ 06 False Accusation
- ☐ 07 False Arrest
- ☐ 08 Fraud

- ☐ 09 Harassment
- ☐ 10 Invasion of Privacy
- ☐ 11 Libel and Slander
- ☐ 12 Malicious Interference
- ☐ 13 Malicious Prosecution
- ☐ 14 Malpractice Legal
- ☐ 15 Malpractice Medical
- ☐ 16 Negligence

- ☑ 17 Personal Injury
- ☐ 18 Wrongful Death
- ☐ 19 Wrongful Eviction
- ☐ 20 Other:
- ☐ 2 1 Asbestos
- ☐ 22 Toxic/Mass Torts

Form CV(6)-496-Feb. 95



### *Superior Court of the District of Columbia*
### *Civil Division*

Hoppel, J vs Eli Lilly & Company  _____                C.A. No. 03ca006681

## INITIAL ORDER

Pursuant to D.C. Code §11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case is assigned to the individual calendar designated below. All future filings in the case shall bear the calendar number and judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued by the judge to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to any defendant who has failed to so respond, a default and judgement will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients <u>prior</u> to the Conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference <u>once</u>, with the consent of all parties, to either of the two succeeding Fridays. Requests must be made not less than six business days before the scheduling conference date. No other continuance of the Conference will be granted except upon motion for good cause shown.

August 07,2003                        Chief Judge Rufus G. King, III

Case Assigned to:    Calendar #6   (Judge Franklin A. Burgess, Jr.)

Initial conference: @ 9:30am   11/07/03        Courtroom: 517 Main Bldg., 5th Floor
                                               500 Indiana Ave., N.W.
                                               Washington, D.C. 20001

**FILE COPY**

**SUPERIOR COURT OF D.C.**

**FINANCIAL OPERATIONS - CIVIL ACTIONS BRANCH**

Case No._____ / _____ vs. _____

| Acct. No. | Item | Fee | No. |
|-----------|------|-----|-----|
| 4-1601 | CIVIL ACTION | $120.00 | |
| 4-1603 | INTERVENING ACTION | $120.00 | |
| 4-1605 | CHANGE OF NAME | $60.00 | |
| 4-1606 | JURY DEMAND | $75.00 | |
| 4-1607 | RELEASE MECHANICS LIEN | $60.00 | |
| 4-1609 | ADM ORDER AS JUDGEMENT | $60.00 | |
| 4-1611 | FOREIGN JUDGEMENT | $60.00 | |
| 4-1613 | RULE 27 | $60.00 | |
| 4-1615 | MERIT PERSONNEL ACT MPA | $60.00 | |
| 4-1617 | APPEAL TRAFFIC JUDICATION | $30.00 | |
| 4-1619 | COUNTER/CROSS/3RD PARTY | $20.00 | |
| 4-1621 | SUP RULE 28-I (FOREIGN) | $10.00 | |
| 4-1623 | ALIAS | $10.00 | |
| 4-1625 | COPY PER PAGE | $0.50 | |
| 4-1627 | ATTACHMENT BEFORE JUDGMENT | $20.00 | |
| 4-1629 | ATTACHMENT AFTER JUDGMENT | $20.00 | |
| 4-1631 | APT SPECIAL PROCESS SERVER | $5.00 | |
| 4-1633 | WRIT FACIAS | $20.00 | |
| 4-1635 | WRIT RESTITUTION | $20.00 | |
| 4-1637 | AFFIDAVIT | $1.00 | |
| 4-1639 | CERTIFIED COPY | $5.00 | |
| 4-1640 | MAIL FEES | | |
| 4-1641 | RECORD SEARCH | $10.00 | |
| 4-1643 | MOTION | $20.00 | |
| 4-1645 | MOTION 41-I TO REINSTATE | $35.00 | |
| 4-1647 | AMEND BIRTH CERTIFICATE | $60.00 | |
| 4-1649 | WRIT REPLEVIN | $20.00 | |
| 4-1651 | ARBITRATION AWARD | $120.00 | |
| 4-1653 | ORAL EXAM | $20.00 | |
| 4-1655 | TRANSCRIPT FOR DOCKET | $10.00 | |
| 4-1657 | TRIPLE SEAL | $20.00 | |
| 4-1659 | NOTICE OF APPEAL | $5.00 | |
| 4-1661 | ARBITRATION AWARD | | |
| 4-1663 | APPEAL TRANSCRIPT | | |
| 4-1665 | FINES R16-I | | |
| 4-1667 | COURT REPORTER | | |
| 4-1669 | COURT ORDERED ESCROW | | |
| 4-1671 | INTEREST EARN | | |
| 4-1673 | RETURNED CHECK | $15.00 | |
| 4-1677 | MISCELLANEOUS FEES | | |

Form CV(6)-343/Jan 95