UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Julie A. Happel**
Plaintiff

v.                                          Civil Action No. **03 1799**

**Eli Lilly & Co, et al**
Defendant

**04-12218 WGY**

The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **LEON, J. R.JL**. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By **Cindy J. Procter**
Deputy Clerk

cc: **Aaron Levine**

929A
Rev. 7/02

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIE A. HAPPEL,<br><br>            Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>            Defendant. | CIVIL ACTION No. 03 1799<br><br>FILED<br><br>AUG 2 7 2003<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

**DEFENDANT ELI LILLY AND COMPANY'S
ANSWER TO THE COMPLAINT**

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers the Complaint filed in this action as follows:

**FIRST DEFENSE**

Answers to each paragraph of the Complaint by Lilly are made without waiving, but expressly reserving all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Complaint.

1. Whether jurisdiction exists in this court pursuant to 11 D.C. Code § 921 is a legal question to which no response is required. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 1 of the Complaint.

2. Lilly states that it did sell and distribute diethylstilbestrol in the District of Columbia. Lilly responds that the term "DES" includes many drug products including but not limited to diethylstilbestrol, and any admissions in this Answer are intended to refer only to diethylstilbestrol as it relates to Lilly. Lilly also states that it is doing business in the District of Columbia, that the U.S. Food and Drug Administration ("FDA") is headquartered in the District of Columbia, and that the FDA approved Lilly's sales of diethylstilbestrol and declared that the

17/499684.1

3

drug was generally recognized as safe by experts in the field for the uses at issue here. Except as already stated, Lilly denies the allegations contained in Paragraph 2 of the Complaint.

## COUNT I
### (Negligence)

3. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 3. Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. To the extent that a response is required, however, Lilly denies the allegations of Paragraph 3 of the Complaint.

4. Lilly denies the allegations contained in Paragraph 4 of the Complaint.

5. Lilly denies the allegations contained in Paragraph 5 of the Complaint.

## COUNT II
### (Strict Liability)

6. Lilly repeats and realleges its answers contained in Paragraphs 1 through 5 above.

7. Lilly denies the allegations contained in Paragraph 7 of the Complaint.

8. In response to the allegations contained in Paragraph 8, Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. Except as already stated, Lilly denies the allegations of Paragraph 8 of the Complaint.

9. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 9 of the Complaint.

10. Lilly denies the allegations contained in Paragraph 10 of the Complaint.

11. Lilly denies the allegations contained in Paragraph 11 of the Complaint.

12. Lilly denies the allegations contained in Paragraph 12 of the Complaint.

13. Lilly denies the allegations contained in Paragraph 13 of the Complaint.

## COUNT III
### (Breach of Warranty)

14. Lilly repeats and realleges its answers contained in Paragraphs 1 through 13 above.

15. Lilly denies the allegations contained in Paragraph 15 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

16. Lilly denies the allegations contained in Paragraph 16 of the Complaint.

17. Lilly denies the allegations contained in Paragraph 17 of the Complaint.

18. Lilly denies the allegations contained in Paragraph 18 of the Complaint.

## COUNT IV
### (Misrepresentation)

19. Lilly repeats and realleges its answers contained in Paragraphs 1 through 18 above.

20. Lilly denies the allegations contained in Paragraph 20 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

21. Lilly denies the allegations contained in Paragraph 21 of the Complaint..

22. Lilly denies the allegations contained in Paragraph 22 of the Complaint.

23. Lilly denies the allegations contained in Paragraph 23 of the Complaint.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Lilly.

## THIRD DEFENSE

The Plaintiffs' Claims are barred by the applicable statute of limitations or laches.

## FOURTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

## FIFTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, Plaintiff's claims may be barred by virtue of the intervention of a learned intermediary or intermediaries to whom defendant discharged any duty to warn.

## SIXTH DEFENSE

This court lacks personal jurisdiction over defendant.

## SEVENTH DEFENSE

Venue is improper in this judicial district.

## EIGHTH DEFENSE

Lilly hereby gives notice that it intends to rely upon other and further defenses as may become available or apparent during discovery proceedings in this case, and hereby reserves the right to amend its Answer to assert any such defense.

Respectfully submitted,

ELI LILLY AND COMPANY

*[signature]*

Lawrence H. Martin, D.C. Bar # 476639
Foley Hoag LLP
1747 Pennsylvania Avenue, N.W.
Suite 1200
Washington, D.C. 20006-4604
(202) 223-1200

and

James J. Dillon, P.C.
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: August 21, 2003

## Certificate of Service

I certify that on August 27, 2003, a true copy of Defendant Eli Lilly's Answer To The Complaint was served by U.S. First Class Mail, postage prepaid, upon:

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC  20036
**Attorney for Plaintiff**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Lawrence H. Martin
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Lawrence H. Martin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIE A. HAPPEL, )<br> )<br> Plaintiff, )<br> )<br> )<br>ELI LILLY AND COMPANY, )<br> )<br> Defendant. )  | C. A. No. **03 1799**<br><br>**FILED**<br><br>AUG 2 7 2003<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

### <u>DEFENDANT ELI LILLY AND COMPANY'S DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTERESTS</u>

Certificate required by Rule 26.1 of the Local Rules of the United States District Court for the District of Columbia:

I, the undersigned, counsel of record for Defendant Eli Lilly and Company, certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries, or affiliates of Eli Lilly and Company which have any outstanding securities in the hands of the public.

**Lilly Del Mar, Inc., a British Virgin Islands Corporation**

These representations are made in order that judges of this Court may determine the need for recusal.

17/499682.1

2

ELI LILLY & COMPANY, INC.

By its attorneys:

_L. H. Martin_
Lawrence H. Martin, D.C. Bar # 476639
Foley Hoag LLP
1747 Pennsylvania Avenue, N.W.
Suite 1200
Washington, D.C. 20006-4604
(202) 223-1200

and

James J. Dillon
John M. Granberry
Paula McManus
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA   02110-2600
(617) 832-1000

Dated: August 21, 2003

17/499682.1

- 2 -

## CERTIFICATE OF SERVICE

    I certify that a true copy of Defendant Eli Lilly And Company's Disclosure of Corporate Affiliations And Financial Interests was served on August 27, 2003 by U.S. First Class Mail, postage prepaid, to Aaron M. Levine, Aaron M. Levine & Associates, P.A., 1320 Nineteenth Street, N.W., Suite 500, Washington, D.C. 20036.


                                                                         Lawrence H. Martin