IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIE A. HAPPEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 03-01799(RJL) |
| vs. ) | |
| ) | |
| ELI LILLY AND COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ELI LILLY AND COMPANY'S CONSENT MOTION TO TRANSFER ACTION
TO THE DISTRICT OF MASSACHUSETTS**

Defendant Eli Lilly and Company ("Lilly") hereby moves to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the District of Massachusetts. Plaintiff consents to the relief requested in this motion.

Lilly bases its motion on the fact that the District of Massachusetts is a more convenient forum than the District of Columbia, the action could have originally been brought in the District of Massachusetts, and transfer out of a district with no connection to the Plaintiff's claims is in the best interests of justice. *See* 28 U.S.C. § 1404(a) (permitting transfer to a district or division where the case could have been brought in the first instance); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) (noting that the district court enjoys wide discretion in deciding whether to transfer an action to a more convenient forum).

The District of Massachusetts is more convenient for the witnesses likely to be deposed or called to testify at trial. Section 1404(a) instructs the district court to consider the convenience of witnesses in deciding whether to transfer an action. *See* 28 U.S.C. § 1404(a). Lilly has reason to believe that virtually all of the potential fact witnesses and other sources of

B1091069.1

proof, are located in the District of Massachusetts. In particular, Plaintiff resides with her husband in Quincy, MA. Plaintiff's mother, Nora Ann Fahy, resides in Jamaica Plain, MA. The physician that allegedly prescribed DES to plaintiff's mother, Dr. William J. Mulligan, was located in Boston, MA, but is now deceased. The custodian of his records is the Brigham & Women's Hospital in Boston, MA. Dr. Francis Boudreau, who worked with Dr. Mulligan and has submitted a statement in this case, resides in Brookline, MA. The pharmacies that allegedly dispensed DES to plaintiffs mother were the Boston Lying In Hospital Pharmacy in Boston and Sparr's Drug Store, also in Boston. The pharmacist at Sparr's Drug Store, Harold B. Sparr, resides in Newton MA. Plaintiff's mother, was living in Jamaica Plain, MA when she allegedly purchased and ingested DES, meaning the place of exposure was within the District of Massachusetts. All six of Plaintiff's treating physicians are located in the District of Massachusetts: Dr. Nicholas Picarello, Jamaica Plain; Dr. Brigid McCue, Quincy; Dr. Elena Yanushpolsky, Boston; Dr. David Manuel, South Weymouth; Dr. Elizabeth Ginsburg, Boston; and Dr. Martin Crane, South Weymouth. The only known non-Massachusetts fact witness is William Principe, a pharmacist who worked at Boston Lying In, but now resides in Florida.

Further, this action originally "might have been brought" in the District of Massachusetts. *See* 28 U.S.C. § 1404(a). First, the District of Massachusetts has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship.[1] Eli Lilly and Company is incorporated and has its principal place of business in Indiana. Plaintiff resides in and is presumably domiciled in Massachusetts. Second, Massachusetts's long-arm statute reaches torts the consequences of which occur within the state. *See* Mass. Gen. Laws ch.

---

[1] Lilly does not contest the amount in controversy requirement since it does not appear to a legal certainty that Plaintiff cannot recover more than $75,000. However, Lilly does not concede that the value of Plaintiff's claims in fact exceed that minimum requirement.

223A, § 3.  Thus, the District of Massachusetts is at least as appropriate a forum as the District of Columbia with respect to subject matter and personal jurisdiction.  Third, venue is proper in the District of Massachusetts because Plaintiff's relevant alleged injuries were diagnosed and treated in Massachusetts; she further alleges that the DES her mother ingested was prescribed, dispensed, and ingested in Massachusetts.  *See* 28 U.S.C. § 1391(a)(2) (allowing transfer to "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

      Finally, the interests of justice support transfer of this action to the District of Massachusetts.  *See Pain v. United Technologies Corp.*, 637 F.2d 775, 782 (D.C. Cir. 1980) (listing public interest factors to consider).  The District of Massachusetts has a strong interest in seeing that the product liability claims of Massachusetts citizens are tried fairly and efficiently.  The applicable law favors the District of Massachusetts because that court is more familiar with the substantive law of the state in which it sits than is the District of Columbia.  *See Moore v. Ronald Hsu Constr. Co.*, 576 A.2d 734, 737 (D.C. 1990) (noting that the District of Columbia's choice of law rules point to the jurisdiction with the "most significant relationship" to the dispute).  Finally, this case has no connection to the District of Columbia except that it was filed here: no witnesses reside here, Plaintiff's alleged exposure to DES did not occur here, and none of Plaintiff's injuries were diagnosed or treated here.   Because this case has no connection to this district and because Plaintiff consents to transfer, it is equitable to transfer this case out of the District of Columbia.

## CONCLUSION

WHEREFORE, based on the foregoing reasons, Lilly respectfully request that this Court grant its consent motion to transfer this case to the District of Massachusetts.

>Respectfully submitted
>
>ELI LILLY AND COMPANY,
>
>By its attorneys,
>
>/s/ James J. Dillon
>James J. Dillon, D.C. Bar No. 485593
>FOLEY HOAG LLP
>155 Seaport Boulevard
>Boston, MA 02110-2600
>(617) 832-1000
>
>-and-
>
>Lawrence H. Martin, D.C. Bar No. 476639
>FOLEY HOAG LLP
>Suite 1200
>1747 Pennsylvania Avenue, N.W.
>Washington, D.C. 20006
>(202) 223-1200

Dated: August 6, 2004

## LOCAL RULE 7.1(m) CERTIFICATION

Pursuant to Local Rule 7.1(m), Defendant Eli Lilly and Company certifies that, through its counsel, it conferred with Plaintiff's counsel to determine whether they opposed the relief requested in this motion. Plaintiff's counsel has consented to the allowance of this motion.

>/s/ James J. Dillon
>James J. Dillon