IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIE A. HAPPEL, ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | Civil Action No.: 1:04-cv-12218-WGY |
| ] | Next Event: Scheduling Conference on |
| ELI LILLY AND COMPANY, ] | November 15, 2004 at 2:00 p.m. |
| ] | |
| **Defendant.** ] | |

**JOINT RULE 16.1 REPORT**

Pursuant to Local Rule 16.1 and Fed. R. Civ. P. 26(f), the attorneys for plaintiff and defendant conferred up to and including November 3, 2004, and hereby submit the following succinct statement of all agreements reached and positions taken by the parties on matters about which there was a disagreement:

TOPIC NO. 1: Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

POSITION OF PARTIES: It is too early to evaluate the likelihood that Defendant will bring dispositive motions as the parties have not yet completed discovery.

TOPIC NO. 2: (a) The date by which any other parties shall be joined or the pleadings amended; and (b) whether some or all of the factual and legal issues can be agreed upon or narrowed.

POSITION OF PARTIES: (a) At the present time, none of the parties plan to join additional parties or amend the pleadings. (b) the parties agree that there are not yet any factual or legal issues that can be agreed upon or narrowed.

TOPIC NO. 3: Whether this case should be assigned to a magistrate judge for all purposes, including trial.

POSITION OF PARTIES: Plaintiff consents to having the case assigned to a magistrate

judge. Defendant does not consent to having the case assigned to a magistrate judge at this time.

TOPIC NO. 4: Whether there is a realistic possibility of settling the case.

POSITION OF PARTIES: While the parties are not aware of any information that would preclude a realistic possibility of settling the case, the parties also note that a prediction on the likelihood of settlement is somewhat premature as the parties have not yet completed discovery.

TOPIC NO. 5: Whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures or some other form of alternative dispute resolution, and, if so, which procedure should be used and whether discovery should be stayed or limited pending completion of ADR.

POSITION OF PARTIES: The parties propose to have this case referred to Magistrate Judge Marianne B. Bowler for mediation after the completion of discovery.

TOPIC NO. 6: Whether the case can be resolved by summary judgement or motion to dismiss; the dates for filing the dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision of the motions.

POSITION OF PARTIES: Depending on the information that Defendant learns during discovery, Defendant may file motions for summary judgement or motions to dismiss. The parties have proposed various deadlines under Topic No. 8.

TOPIC NO. 7: Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P.,and, if not, what, if any, changes should be made in the scope, form, or timing of those disclosures.

POSITION OF PARTIES: The parties agree and request the Court to dispose of the 26(a)(1) disclosures as written discovery has been completed.

TOPIC NO. 8: The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

POSITION OF PARTIES: Written discovery has been completed. The depositions of

Plaintiff Julie Happel, her husband, and her mother have been completed. The parties agree that the duration of each remaining deposition shall be limited to one (1) day or seven (7) hours, whichever is greater.

The parties suggest the following schedule:

January 31, 2005:   All Discovery Closed. The parties agree that experts may be deposed until the closed of discovery.

March 2, 2005:   Deadline for filing Dispositive Motions.

April 2005:   Pre-Trial Conference.

The parties' Proposed Scheduling Order is attached hereto as Appendix No. 1.

TOPIC NO. 9: Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., shall be modified and whether and when depositions of experts should occur.

POSITION OF PARTIES: The parties agree to make all expert witnesses available for deposition. Prior to the depositions, the parties agree to exchange expert reports pursuant to Rule 26(a)(2), except that the parties agree to dispense with the requirement of Rule 26(a)(2)(B) of a list of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. However, the parties may inquire into the topic of prior cases at the time of the deposition.

TOPIC NO. 10: In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

POSITION OF PARTIES:   Not applicable.

TOPIC NO. 11: Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

POSITION OF PARTIES: The parties agree that it is too early to determine whether the trial of this case should be bifurcated or managed in phases.

TOPIC NO. 12: The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

POSITION OF PARTIES: The parties request a pretrial conference in April 2005.

TOPIC NO. 13: Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

POSITION OF PARTIES: The parties prefer that a firm trial date be set at the first scheduling conference.

TOPIC NO. 14: Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

POSITION OF PARTIES: The parties have no other matters that they believe need to be included in the scheduling order at this time.

STATEMENT OF THE CASE:

A.   Plaintiff's:

This is a products liability/personal injury case arising from Plaintiff Julie Happel's in utero exposure to diethylstilbestrol ("DES"), a synthetic estrogen which was manufactured, marketed, sold, promoted and distributed by the Defendant in 1965-66 to Ms. Happel's mother for the purpose of preventing miscarriage.

Plaintiff claims that as a result of her in utero exposure to DES, she has suffered injuries, including but not limited to, uterine and cervical malformations and resultant infertility with conomitant expenses for care and treatment, physical and mental pain, and the inability to have the family she desired, and that the Defendant is liable for said injuries based on negligence, strict

liability, breach of warranty, and misrepresentation.

B. <u>Defendant's:</u>

Defendant Eli Lilly and Company ("Lilly") generally denies that it is liable to the plaintiff under any of the plaintiff's causes of action. Lilly believes that the Plaintiff's evidence is insufficient to meet her burden of persuasion that she was exposed in utero to DES in the first place, that any such DES was manufactured or produced by Lilly, that any such DES caused the injuries of which the plaintiff complains, and that Lilly breached any duties owed to the plaintiff, breached any warranties, or made any material misrepresentations. Lilly has also asserted several affirmative defenses, including that the plaintiff's claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

<u>STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES:</u>

A. <u>Plaintiff's:</u>

The statutory basis for the plaintiff's cause of action is 28 U.S.C. §1332(a) (diversity).

B. <u>Defendant's:</u>

Affirmative defenses asserted by the Defendant with a statutory basis are that the plaintiff's claims may be barred by the statute of limitations and that the plaintiff's claims may be barred and preempted by the Federal Food, Drug, and Cosmetic Act.

<u>CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3):</u>

Plaintiff's certification pursuant to Local Rule 16.1(D) is attached hereto as Appendix No. 2.

Defendant's certification pursuant to Local Rule 16.1(D) is attached hereto as Appendix No. 3.

-5-

|  |  |
|---|---|
|  | Respectfully submitted, |
| KENNETH M. LEVINE & ASSOCIATES | FOLEY HOAG LLP |
| /s/ Kenneth M. Levine<br>KENNETH M. LEVINE, BBO#296850<br>370 Washington Street<br>Brookline, MA  02445<br>617-566-2700 | /s/ John M. Gransky<br>JAMES J. DILLON, BBO#124660<br>JOHN M. GRANSKY, BBO#647086<br>155 Seaport Boulevard<br>Boston, MA  02210-2600<br>617-832-1000 |
| and | Attorneys for Eli Lilly and Company |
| Aaron M. Levine<br>AARON M. LEVINE & ASSOCIATES<br>1320 19th Street, N.W.<br>Suite 500<br>Washington, DC  20036<br>202-833-8040 |  |
| Attorneys for Plaintiff |  |

Dated: November 3, 2004