**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| JULIE A. HAPPEL | ] |
| Plaintiff, | ] |
| v. | ]  Civil Action No.: 03-CV-01799 (RJL) |
| ELI LILLY AND COMPANY | ] |
| Defendant. | ] |

## PLAINTIFF JULIE A. HAPPEL'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

1.  Please state your full legal name, your social security number and your date and place of birth, including the name and address of the hospital at which you were born, if any. If you have ever been known by any other name or names, please state each such name and when each such other name was used.

ANSWER:
    a.    Julie Ann Happel

    b.    SS # 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

    c.    DOB: May 25, 1966

    d.    Born at Boston Lying In Hospital, now known as
           Brigham and Women's Hospital
           75 Francis Street
           Boston, MA 02115

    e.    Maiden name, Julie Ann Fahy

2.  Please state your present residential address and all former residential addresses and the inclusive dates for each.

ANSWER:
    a.    15 Kilby Street
           Quincy, MA 02169
               from 10/94 to present

    b.    71 Hampstead Road
           Jamaica Plain, MA 02130
               from birth to 11/91; and from 9/92 to 10/94

1

   c.  31 Parsons, Apt. #3
      Brighton, MA 02135
       from 11/91 to 9/92

3. Please state your marital status. If married, please state your spouse's full legal name, his residential address and the date of your marriage. If formerly married, for each spouse, please state his full legal name, his present residential address, the date of your marriage, the date of its termination, and the method by which it was terminated (e.g., annulment, divorce, death of spouse).

**ANSWER:** a. Married

     b. Frederick James Happel

     c. 15 Kilby Street
       Quincy, MA 02169

     d. Married on 10/09/94

4. Please state the full legal name of each of your parents, including your mother's maiden name, their places and dates of birth and their current residential address or addresses. If either of your parents is deceased, please state the date, place and cause of death.

**ANSWER:** a. Mother: Nora Ann Fahy

      i. Maiden name – Nora Ann Staunton

      ii. DOB: July 15, 1929.

      iii. Born in Galway, Ireland

      iv. 71 Hampstead Road
        Jamaica Plain, MA 02130

     b. Father: Michael Joseph Fahy

      i. DOB: January 6, 1927

      ii. Born in Galway, Ireland

      iii. Deceased – 8/31/71, in Brighton, MA
        Suffered heart attack due to heart disease.

5. Please state the address of each residence of your mother for the period beginning five years prior to the date of birth of your mother's first child through the present.

**ANSWER:** a. 71 Hampstead Road
Jamaica Plain, MA 02130
1961 – present

6. If you contend that your mother took diethylstilbestrol ("DES" or "stilbestrol") during her pregnancy with you, please state the name and address of each physician who prescribed it; if any physician who prescribed DES is deceased, please state the name and address of the current custodian of his or her medical records; and please state the purpose for which the drug was prescribed.

**ANSWER:** a. William J. Mulligan, M.D.

b. Custodian of medical records:
Boston Lying In Hospital, now known as
Brigham and Women's Hospital
75 Francis Street
Boston, MA 02115

c. DES was prescribed to maintain pregnancy/prevent miscarriage.

7. Please identify, by name and address, each pharmacy or other supplier that dispensed the DES allegedly ingested by your mother while pregnant with you. If you do not know the name of the pharmacy, please state the name and address of each pharmacy or retail drug outlet that was patronized by your mother or father during the twelve months that preceded your birth.

**ANSWER:** a. Boston Lying In Hospital Pharmacy
221 Longwood Avenue
Boston, MA 02115

b. Sparr's Drug Store
635 Huntington Ave.
Boston, MA

8. Describe in detail the physical appearance of the diethylstilbestrol you allege your mother ingested, including its form (for example, pill, injection, capsule), the shape, color, or size of any pill, tablet or capsule, the dosage of the DES your mother took, and any markings that may have appeared on the product.

**ANSWER:** The DES pill was round, white, about the size of an aspirin, with a cross

score and no other marking or writing on it.

3

9. Please set forth all information you have concerning the identity of the manufacturer or supplier of the DES your mother allegedly ingested while pregnant with you. State all facts upon which you base this identification, including, if known, but not limited to, the trade, generic, or brand name of the DES you allege your mother ingested. Identify by name and address all witnesses with personal knowledge of these facts.

**ANSWER:** See plaintiff's response to Interrogatory No. 8. In addition, see the statements of Harold B. Sparr, R.Ph., and William R. Principe, R.Ph., produced in response to Defendant's Request for Production of Documents. Also see marketing materials such as PDR, Matrix, Pill Identification Tables, Lilly wholesaler documents, etc.

10. Please state the date on which you first believed that your mother took DES during her pregnancy with you, the date you first discovered any injury you claim to be due to your exposure to DES, and the date you first believed that DES manufacturers in general or any DES manufacturer in particular acted in any way wrongly, negligently or tortuously in the manufacture or distribution of DES or in the warnings about the use of DES.

**ANSWER:**
a. Plaintiff first believed that her mother took DES during her pregnancy with her in 1965.

b. In 1996, Plaintiff was advised by Dr. Martin Crane that in utero DES exposure might have some risk of cancer. Plaintiff did not consider this effect an injury as such and continued to attempt pregnancy. Plaintiff suffered no pain, needed no treatment to correct this effect, and did not realize she was debilitated. Plaintiff had no information, suggestion, hunch, or inkling that the manufacturer's conduct in testing or promoting this drug was wrongful or that the drug was unreasonably dangerous until October 2002.

c. October 2002 was the first date Plaintiff believed that DES manufacturers

4

in general or any DES manufacturer in particular acted in any way wrongly, negligently, or tortuously in the manufacture or distribution of DES or in the warnings about the use of DES.

11. Please state the names and last known addresses of any attorneys with whom you have ever discussed or exchanged information regarding your injuries, DES in general, or Lilly. State the approximate dates of each such discussion or exchange of information.

**ANSWER:** Only the present attorneys, who were retained on October 29, 2002

12. Please state the number of pregnancies that your mother has had, and for each such pregnancy that your mother has had, please state the approximate date the pregnancy began; the name and address of each physician, clinic, hospital or other health care professional or facility who treated your mother during that pregnancy; the identities of any drugs prescribed to or taken by your mother during that pregnancy; the approximate date the pregnancy ended; the method by which the pregnancy ended (e.g., spontaneous abortion, voluntary abortion, stillborn delivery, live birth); and if the pregnancy ended in a live birth, the name of the child and his or her present residential address.

**ANSWER:** Plaintiff's mother has had three pregnancies as follows:

    a. A pregnancy in 1964 resulted in spontaneous miscarriage, under the care of Dr. William Mulligan.

    b. A pregnancy in 1965, with LMP approximately 7/19/65, under the care of Dr. William Mulligan of Boston Lying In Hospital, Boston, MA. There was treatment with Stilbestrol, beginning in the sixth week of pregnancy. Julie Fahy was delivered by C-section on 5/25/66.

    c. A pregnancy in 1967, with LMP approximately 9/24/67, under the care of Dr. Willaim Mulligan of Boston Lying In Hospital, Boston, MA. There was treatment with Stilbestrol. There was premature labor on 4/05/68, complicated by placenta previa, and the live birth of a female infant on 4/06/68, who died within an hour.

5

13. Please describe in detail each and every physical or emotional injury you claim to have experienced as a result of exposure to DES and for each such injury, please state the date of its diagnosis; identify by name and address each health care provider (e.g., physician, psychiatrist, psychologist, clinic, hospital, other health care or mental health professional or facility) that has examined, diagnosed or treated you, or been consulted with regard to each such injury; and describe in detail the treatment rendered by each such health care provider.

ANSWER:
a. T-shaped DES uterus, diagnosed on 1/15/01 by David L. Manuel, M.D., South Shore Hospital, 55 Fogg Road, South Weymouth, MA 02190

b. Secondary infertility. Multiple failed treatments by intrauterine insemination and in vitro fertilization.

c. Diminished sex life

d. Diminished self-esteem and sense of powerlessness due to inability to procreate

e. Impaired relationships with friends and relatives who have healthy children

f. Anger and resentment that reproductive potential is damaged

g. Impaired relationships with friends and relatives who have healthy children

h. Anger and resentment that reproductive potential is damaged

i. Inability to fulfill biological destiny

j. Relationship with spouse complicated by anger, resentment, and disappointment

k. Difficulty participating in social activities with other parents

l. Feelings of being punished, self-hatred, inadequacy, and inferiority

m. Depression

6

    n.  Anxiety regarding future adverse pregnancy outcomes

  14. Please identify by name and address each physician, clinic, hospital or other health care or mental health provider that has rendered any medical examination, diagnosis, consultation, advice or treatment to you in connection with your attempts at pregnancy.

**ANSWER:** Plaintiff objects to this Interrogatory as overly broad, burdensome and irrelevant, nor will it lead to the discovery or any relevant information pertaining to Plaintiff's claims. In addition, Plaintiff objects to any health care provider not relevant to her gynecological or associated conditions. Without waiving said objection, the following have provided GYN consultation and/or examinations:

  a. Dr. Nicholas Picarello
    Faulkner Hospital
    1153 Center Street
    Jamaica Plain, MA 02130

  b. Brigid McCue, M.D.
    21 School Street
    Quincy, MA 02169

  c. Elena Yanushpolsky, M.D.
    75 Francis Street
    Boston, MA 02115

  d. David L. Manuel, M.D.
    South Shore Hospital
    55 Fogg Rd.
    South Weymouth, MA 02190

  e. Elizabeth Ginsburg, M.D.
    Brigham and Women's Hospital
    75 Francis Street
    Boston, MA 02115

  f. Martin Crane, M.D.
    57 Main Street
    South Weymouth, MA 02190

  15. Please state the number of pregnancies that you have had and for each pregnancy, please state the approximate date the pregnancy began; the name and address of each health care

7

provider (e.g., physician, clinic, hospital or other health care professional or facility) who examined or treated you during your pregnancy; the approximate date the pregnancy ended; the method by which the pregnancy ended (e.g., live birth, spontaneous abortion, voluntary abortion, stillborn delivery); and, if the pregnancy ended in a live birth, the name of the child and his or her present residential address.

**ANSWER:** Plaintiff experienced one pregnancy in August, 2000. There was a D & C on 9/01/00, to remove products of conception following a missed abortion. It was performed by Brigid McCue, M.D., 21 School Street, Quincy, MA 02169.

16. Please state all means (including, without limitation, natural conception, IUI, and IVF) through which you have attempted pregnancy, including the date ranges of these attempts; and identify by name, address and date range each partner with whom you made such attempts.

**ANSWER:** See medical records produced in response to Defendant's Request for Production. All of Plaintiff's pregnancy attempts were with Frederick James Happel.

17. Please identify by name, address, and date(s) of treatment each physician, clinic, hospital, or other health care provider that has rendered any medical examination, diagnosis, consultation, advice or treatment to you in connection with your attempts at pregnancy.

**ANSWER:** See Plaintiff's Answer to Interrogatory No. 14.

18. If you claim to have suffered or claim you will suffer a loss of earnings as a result of the injuries alleged, state from whom such earnings would have been payable, the total amount of the alleged loss and state any amounts for which you have been reimbursed, and by whom, for loss of earnings as a result of the injuries alleged.

**ANSWER:** Plaintiff is not making a claim for loss of earnings at this time.

19. State separately the total amounts, including future amounts, if any, claimed by you as special damages for: (a) services provided by any health care or mental health care provider (including, without limitation, physicians, psychiatrists, psychologists, teachers, rehabilitation therapists, physical therapists, occupational therapists, speech therapists, counselors, social workers and nurses); (b) hospital services; and (c) medical supplies.

**ANSWER:** A listing of Plaintiff's Special Damages will be forwarded upon receipt and compilation.

20. Please state the full name, present address, area of expertise and professional training of each person expected to testify as an expert witness at trial, state the subject matter on