**EXHIBIT 20**

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

MONA R. EPSTEIN
STEVEN RAUCHER
      Plaintiffs,

v.

      Civil Action No. 02ca236
      Judge John M. Campbell
      Calendar 12

ELI LILLY AND COMPANY *et al.*,
      Defendants.

## ORDER

The matter before the Court is **Defendant's Motion for Summary Judgment**. Upon review of the record and on the grounds set forth below, this Motion is **DENIED**.

### I.   Nature of Case

This is a DES (diethylstilbestrol) lawsuit. The plaintiff, Mona Epstein, is a "DES daughter": her mother was prescribed DES while pregnant with her. The plaintiff alleges that, as a result of this in utero exposure to the drug, she has suffered a number of injuries to her reproductive system, and is consequently unable to bear children. Defendant Eli Lilly and Company manufactured DES.

For purposes of the present motion, the dispute between the parties centers on whether Ms. Epstein's cause of action, which she filed in 2002, is time barred.[1]

---

[1] Defendants make related arguments based on whether New York or District of Columbia law controls the lawsuit. These are dealt with below. In the end, however, everything comes down to the timing of the complaint.

Specifically, the question is whether any real issue exists as to when she *should* have learned or realized that her injuries resulted from the defendant's wrongdoing in manufacturing DES. Defendants contend that Ms. Epstein was on such "inquiry notice" long ago, at the very latest in 1983, when she suffered her second miscarriage and decided to stop trying to bear children. Ms. Epstein denies that she ever made or should have made the connection between what she admittedly knew about DES's effects on her body, and the idea that the manufacturer might bear liability for those effects. In any event, she argues, the question of what she should have done or learned is for a jury to decide.

A party moving for summary judgment bears the burden of showing that there are no material factual disputes and that the party is entitled to judgment as a matter of law. A motion for summary judgment must be granted if (1) taking all inferences in the light most favorable to the nonmoving party, (2) a reasonable juror, acting reasonably, *could not* find for the nonmoving party, under the appropriate burden of proof. *Woodfield v. Providence Hospital*, 779 A.2d 933, 936-37 (D.C. 2001) (citing *Nader v. de Toledano*, 408 A.2d 31, 42 (D.C. 1979)).

I.   **The New York Revival Statute**

The first possible basis for summary judgment is the New York "revival" statute, NY L 1986, ch 682, § 4. The parties agree that New York substantive law applies here. Assuming that a District of Columbia court would apply the New York revival statute,[2]

---

[2] As I discuss below, District of Columbia courts apply the District of Columbia's statute of limitations; however, the revival statute may be considered a "substantive" legal issue, because it acts to revive certain types of substantive claims. This issue, however, need not be addressed here, as I hold that, even if the revival statute applies, it does not act to bar the present claim.

the revival statute does not bar a claim otherwise permitted by the statute of limitations. The revival statute permitted plaintiffs, during a one-year time period, to bring DES claims that had previously been time-barred. The statute provides that "every action for personal injury ... caused by the latent effects of exposure to diethylstilbestrol ... *which is barred as of the effective date of this act or which was dismissed prior to the effective date of this act solely because the applicable period of limitations has or had expired* is hereby revived." *Id.* (emphasis added). The statute says nothing of actions that were not previously barred, and cannot preemptively bar actions that have not yet accrued. Therefore, regardless of whether the revival statute is a "substantive requirement" or not, it does not time bar claims that otherwise comply with the statute of limitations.

## II. Choice of Law

District of Columbia courts have long considered the statute of limitations to be a matter of procedure, and therefore apply the statute of limitations of the filing forum. *See A.I. Trade Fin. v. Petra Int'l Banking Corp.*, 62 F.3d 1454, 1458 (D.C. Cir. 1995) ("[l]ooking to the D.C. choice-of-law rules, we see that they treat statutes of limitations as procedural, and therefore almost always mandate application of the District's own statute of limitations"); *Nix v. Hoke*, 139 F.Supp.2d 125, 132 (D.D.C. 2001) ("[b]ecause the District of Columbia treats the statute of limitations as a procedural issue rather than a substantive one, the law of the forum state applies, as it does with respect to all procedural matters"); *Huang v. D'Albora*, 644 A.2d 1, 3-4 (D.C. 1994) (applying D.C. tolling rules in a case that involved Maryland substantive law); *Fowler v. A&A Co.*, 262 A.2d 344, 347 (D.C. 1970) (same). The defendant correctly points out that in 1988, the

Restatement (Second) of Conflict of Laws was changed to reflect the "modern" view that the statute of limitations is a matter of substantive law. Under this view, a court should apply the statute of limitations of the state that governs other substantive matters in the claim. *See* Restatement 2d Conflict of Law § 241. As is plain from the cases cited above, however, the D.C. Court of Appeals has *not* changed its view of the nature of the limitations period to conform to the Restatement's. Defendant's plea that the law of a different forum should apply will have to be made, therefore, in a different forum: that is, in the Court of Appeals. This Court will follow established precedent and will apply local law to determine the limitations period.

### III.     Application of the D.C. Statute of Limitations

The main issue, then, is whether the D.C. statute of limitations, D.C. Code § 12-301(8) (2002), bars the plaintiff's suit. District of Columbia law requires that, in order for a plaintiff's claim to accrue for statute of limitations purposes, the plaintiff must know or "by the exercise of reasonable diligence should know, (1) of the injury, (2) its cause in fact, and (3) of some evidence of wrongdoing." *Bussineau v. President & Directors Of Georgetown College* 518 A.2d 423, 435 (D.C. 1986). Because both parties agree that the plaintiff was aware by the early 1980's both that her reproductive system was injured and that DES was the cause, the only issue in dispute is whether plaintiff knew of the defendant's alleged wrongdoing, or should have known about it through the exercise of reasonable diligence. The defendant argues that summary judgment is appropriate because leaving the plaintiff's knowledge or quality of the plaintiff's diligence as "just

another issue of fact" to be put to the trial jury effectively "retire[s] the [limitations] statute." *Nelson v. American Red Cross*, 815 F. Supp. 501, 504 (D.D.C. 1993).

This issue is effectively foreclosed to defendant by our Court of Appeals' recent decision in *Doe v. Medlantic Health Care Group*, 2003 D.C. App. Lexis 2, *13 (2003). *Doe* holds that the exact moment that accrual begins is an issue of fact for the jury, because the "critical question" is whether the plaintiff exercised "reasonable diligence" in "acting or failing to act on whatever information was available to him." *Doe*, 2003 D.C. App. 2, *13, (citing *Ray v. Queen*, 747 A.2d 1137, 1142-43 (D.C. 2000)). *See also Cevenini v. Archbishop of Washington*, 707 A.2d 768, 770-71 (D.C. 1998) (noting that "[w]hat constitutes the accrual of a cause of action is a question of law; the actual date of accrual, however, is a question of fact"). In the present case, there are questions of fact as to what the plaintiff could have known with reasonable diligence, and what facts and representations about DES the plaintiff could have reasonably relied on. Such questions must be left to the jury.

**SO ORDERED.**

_____3/3/03_____  
Date

_____[signature]_____  
John M. Campbell  
**Associate Judge**  
**Signed in chambers**

Copies mailed from chambers to:

James J. Dillon, PC  
FOLEY HOAG, LLP  
155 Seaport Boulevard  
Boston, MA 02210

Lawrence Martin, Esq.
FOLEY HOAG, LLP
1747 Pennsylvania Avenue, NW, Suite 1200
Washington, DC 20006

Aaron M. Levine, Esq.
AARON LEVINE AND ASSOCIATES
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036

Michael J. McManus, Esq.
DRINKER, BIDDLE & REATH LLP
1500 K Street, N.W. Suite 1100
Washington, D.C. 20005-1209